IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

THE RANCH HOUSE, INC. )
d/b/a THE PLATINUM CLUB, )
d/b/a THE PLATINUM CLUB )
ENTERTAINMENT CENTER )
d/b/a THE PLATINUM SPORTS BAR, )
　)
　　　　　Plaintiff, )
　)
v. ) CIVIL ACTION NUMBER
　)
　) 98-PT-1638-E
LARRY AMERSON, SHERIFF OF )
CALHOUN COUNTY, and THE )
CALHOUN COUNTY COMMISSION, )
a body politic as elective representatives )
of Calhoun County, a political subdivision )
of the State of Alabama, )
　)
　　　　　Defendants. )

**FILED** 98 OCT 13 PM 2:24 U.S. DISTRICT COURT N.D. OF ALABAMA

**ENTERED** OCT 13 1998

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff's Motion to Amend Judgment And For Stay Pending Decision On The Motion filed on October 7, 1998.

Plaintiff has not based a claim on an alleged violation of equal protection. It is clear that the statute is premised on morality and/or secondary effects. There is not a hint that it is concerned with erotic messages, as such. The legislature's purpose, regardless of the area of concern, was not to focus on an erotic expression or message, but to avoid the secondary effects and immorality resulting from open public nudity. Plaintiff's employees can convey an erotic message without total public nudity. The degree of nudity allowed is within the discretion of the legislature.

Plaintiff, in effect, makes the same argument as was made by similar parties in <u>Barnes</u> and <u>Café 207</u>. Such providers of nude dancing take the hardline position that <u>any</u> interference with their presentations is automatically directed at expression. This argument ignores the concerns with morality



and secondary effects.

This court is not persuaded by the O'Malley case nor by the Nakatomi case. There is no controlling authority contrary to this court's judgment. Barnes and the affirmance of Café 207 suggest otherwise. The motion will be Denied.

This 9th day of October, 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE